**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Tara Allen; Eljay Scott, | ) No. CV-10-02403-PHX-FJM |
| Plaintiffs, | ) |
| vs. | ) **ORDER** |
| Wells Fargo Bank, N.A., et al., | ) |
| Defendants. | ) |

The court has before it defendant Wells Fargo Bank, N.A.'s motion to dismiss (doc. 5), pro se plaintiff Tara Allen's "Answer and Motion to Remand Back to Maricopa County Superior Court for Lack of Jurisdiction" (doc. 7), and defendant's response (doc. 8). We also have before us defendant's motion for summary disposition (doc. 9), plaintiff's motion to compel (doc. 10), and defendant's motion to strike (doc. 13). Plaintiff did not file a response to defendant's motion to dismiss or a reply to her motion to remand.

**I**

Plaintiff filed this action in the Superior Court of Arizona in Maricopa County. Her complaint is unclear and alleges few facts. Fairly construed, she claims that defendant

1  violated the Fair Debt Collection Practices Act ("FDCPA"),15 U.S.C. § 1692, by failing to
2  respond to her request for validation of a debt related to her home. See 15 U.S.C. § 1692g(b)
3  (providing a validation process for disputed consumer debt under certain conditions).
4  Plaintiff seeks equitable relief compelling defendant to respond to her request and preventing
5  it from collecting on the debt until it has done so.  Should defendant refuse to respond, she
6  seeks to invalidate any mortgage, deed of trust, or lien defendant has on her property.
7  Plaintiff refers to various statutes and mentions fraud, but she does not include any facts
8  related to a home loan, her home, or defendant's actions, except for its alleged failure to
9  respond to her validation request.  She also names Eljay Scott as a plaintiff in the caption,
10 but she is the only person who signed the complaint.  Defendant removed this action based,
11 in part, on federal question jurisdiction, and, to the extent that plaintiff alleges state law
12 claims, supplemental jurisdiction. 28 U.S.C. §§ 1331, 1367.

**II**

15     As an initial matter, we address plaintiff's purported claim on behalf of Eljay Scott.
16 A non-lawyer may not represent another person before this court. C.E. Pope Equity Trust
17 v. United States, 818 F.2d 696, 697 (9th Cir. 1987).  There is no indication from the
18 complaint that Scott is personally representing himself as a pro se plaintiff. See 28 U.S.C.
19 § 1654 (permitting parties to "plead and conduct their own cases personally or by counsel").
20 Therefore, we dismiss the claim on behalf of Scott without prejudice.

21     Plaintiff moves to remand using a stock motion unrelated to her complaint.  Because
22 it raises meritless contentions concerning federalism and the effect of fictitiously-named
23 parties on diversity jurisdiction, we deny plaintiff's motion to remand.

24     Defendant contends, in part, that plaintiff's claim fails because it is not a "debt
25 collector" within the meaning of the FDCPA. See 15 U.S.C. § 1692a(6) (excluding creditors
26 collecting debts on their own behalf and any person collecting a debt owed another if the debt
27 was not in default at the time it was obtained by such person).  To the extent that plaintiff
28 alleges activities involving non-judicial foreclosure proceedings, defendant also asserts that

1  they would not constitute debt collection activities under the FDCPA. See Mansour v. Cal-
2  Western Reconveyance Corp., 618 F. Supp. 2d 1178, 1182 (D. Ariz. 2009) (distinguishing
3  a non-judicial foreclosure proceeding from debt collection on a home loan). Moreover,
4  defendant challenges plaintiff's references to several statutes and fraud. It notes that she
5  does not allege any facts to state a plausible claim for fraud or under the Uniform
6  Commercial Code, the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601, or the Truth
7  in Lending Act, 15 U.S.C. § 1601. See Ashcroft v. Iqbal, __ U.S. __, __, 129 S. Ct. 1937,
8  1949 (2009) (requiring sufficient factual allegations to state a plausible claim pursuant to
9  Rule 8(a)(2), Fed. R. Civ. P.).

10  Because plaintiff does not respond to defendant's motion to dismiss, we grant it
11  summarily. LRCiv 7.2(i) (permitting non-compliance with briefing requirements to be
12  deemed consent to the granting of a motion). We also note that there is no private right of
13  action for equitable relief under the FDCPA. Weiss v. Regal Collections, 385 F.3d 337, 341-
14  42 (3d Cir. 2004) ("The statute authorizes damages for civil liability, but permits only the
15  Federal Trade Commission to pursue injunctive or declaratory relief.").

16  Although plaintiff failed to respond to defendant's motion to dismiss, she made some
17  subsequent effort to pursue this action by moving to remand and prematurely moving to
18  compel discovery. Nevertheless, defendant highlighted plaintiff's non-compliance with
19  briefing requirements and its potential effect on her claim through a motion for summary
20  disposition, and she still has not responded to the merits of defendant's motion. Given
21  plaintiff's lack of attention to this action, we grant defendant's motion to dismiss her claim
22  with prejudice.

23  **IT IS THEREFORE ORDERED DENYING** plaintiff's motion to remand (doc. 7).
24  **IT IS FURTHER ORDERED DENYING** plaintiff's motion to compel (doc. 10).
25  **IT IS FURTHER ORDERED GRANTING** defendant's motion to dismiss (doc. 5).
26  The claim purportedly on behalf of Eljay Scott is dismissed without prejudice. The
27  remainder of the action is dismissed with prejudice.
28  **IT IS FURTHER ORDERED DENYING** defendant's motion for summary

Case 2:10-cv-02403-FJM   Document 14   Filed 02/28/11   Page 4 of 4

disposition and motion to strike as moot (docs. 9 & 13).

The clerk shall enter final judgment.

DATED this 28th day of February, 2011.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge